UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA D. MCKAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:10CV507 CDP |
| GMAC MORTGAGE, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Barbara McKay, acting *pro se*, filed this complaint against several defendants, alleging they engaged in fraudulent activities and schemes. According to her complaint, McKay signed a mortgage note on her residence property with defendant GMAC Mortgage LLC, but her mortgage note was later resold to investors in the secondary mortgage market. After defendants attempted to foreclose on her property, McKay filed this lawsuit, claiming the mortgage resale was a fraud.

All defendants have moved to dismiss McKay's complaint under Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, arguing McKay fails to state a plausible claim of fraud and fails to plead fraud with particularity. McKay responded to defendants' motion by re-filing her complaint along with several discovery requests. Because I agree that McKay's complaint fails to state a plausible claim of fraud and fails to allege fraud with particularity, and I will grant defendants' motion.

## Federal Rule Civil Procedure 8

Defendants first moves to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), contending the complaint fails to satisfy Fed. R. Civ. P. 8. Rule 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8 requires "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007). Specifically, to survive a motion to dismiss, the complaint must contain enough factual details to state a plausible claim for relief. *Id.* at 570; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it allows a reviewing court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

When considering whether a claim is plausible, a district court may begin by identifying which of plaintiff's allegations are mere legal conclusions; the court may disregard those conclusions, because they "are not entitled to the assumption of truth." *Id.* at 1950. The court may then consider the remaining nonconclusory factual allegations to determine whether they give rise to a plausible claim. *Id.*

In this case, plaintiff raises three claims in her complaint, but all of them sound in fraud. Specifically, she alleges defendants used "deceit and trickery" to induce her to sign her mortgage note, and also concealed facts about her note when

she signed it. Under Missouri law[1], to state a claim for fraud, McKay must allege that defendants made a false and material representation knowing it was false and with the intent that McKay act on the representation in a manner reasonably contemplated; that McKay had a right to rely on and did rely on the truth of the representation; and that McKay's reliance proximately caused her injuries. *See Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. 1983) (en banc). "Silence or nondisclosure of a material fact can be an act of fraud if there exists a duty to disclose." *Reeves v. Kessler*, 921 S.W.2d 16, 21 (Mo Ct. App. 1996) (citing *Andes v. Albano*, 853 S.W.2d 936, 943 (Mo. 1993) (en banc)). A defendant has a duty to disclose a fact when there is a relation of trust and confidence between the parties, or when the defendant has superior knowledge or information not within the fair and reasonable reach of the plaintiff. *Id.*

After reviewing McKay's complaint, I conclude that it fails to state a plausible claim of fraud. To begin with, the complaint contains several allegations that defendants (1) participated in "an unlawful scheme" and "fraudulent and illegal activity"; (2) used "deceit and trickery"; and (3) deliberately "hid and falsified

---

[1] Plaintiff styles her causes of action as claims arising under 42 U.S.C. § 1983. But her complaint fails to allege either a violation of "right secured by the Constitution and laws of the United States," or that any state actors – or private actors acting under color of state law – deprived her of a right. *See Cook v. City of Bella Villa*, 582 F.3d 840, 848-49 (8th Cir. 2009) (elements of § 1983 claim). Her allegations sound only in fraud, so I have construed her complaint to raise a fraud claim under Missouri state law. *See Stone v. Harrry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) for the proposition that *pro se* complaints are to be construed liberally).

material facts about the true nature of the loan agreements and concealed those material facts." These allegations are nothing more than conclusory, "the-defendant-unlawfully-harmed-me" accusations, and I need not assume their truth in considering defendants' motion. *See Iqbal*, 129 S. Ct. at 1949-50. Second, McKay's remaining factual allegation – that defendants concealed the fact that they would resell McKay's mortgage on the secondary mortgage market when she signed the note – fails to give rise to a plausible claim of fraud. *See id.* at 1950. Even if defendants did in fact fail to inform her that her loan would be resold, this does not give rise to a claim of fraud. McKay does not allege defendants had any duty to disclose this fact to her, that she and defendant had a relationship of trust and confidence, or that the fact was not within her fair and reasonable reach. *See Reeves*, 921 S.W.2d at 21. McKay's complaint also fails to contain any allegation that McKay would not have signed the note if she had known it would be resold. *See Sofka*, 662 S.W.2d at 506. She does allege that she would have 'aborted' the mortgage sooner if she had knowledge of the resale, but she does not allege how or why the resale would have allowed her to cancel the mortgage. In the absence of these details, the allegations in McKay's complaint never rise to the level of a plausible claim of fraud.

**Federal Rule Civil Procedure 9(b)**

Defendants' second challenge to McKay's complaint – that its allegations of fraud are not plead with sufficient particularity as required by Fed. R. Civ. P. 9(b) – also has merit. When a plaintiff alleges a defendant committed fraud, Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud." The Eighth Circuit has interpreted this rule to require plaintiffs to include "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby" in their complaints. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (citations omitted); *see also Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997) (to satisfy Rule 9(b), complaint must contain allegations about the who, what, where, when, and how of the fraud). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995).

As mentioned above, McKay raises three counts sounding in fraud in her complaint. McKay does not, however, specify (1) the identity of the individual or individuals who made these allegedly fraudulent statements, (2) what exactly the individual(s) told her to convince her to sign the loan, or (3) when and where the individual(s) made their allegedly fraudulent statements. Without such details, McKay's fraud claims are nothing more than the sort of conclusory allegations that are insufficient to satisfy Rule 9(b). *See id.*; *see also United States ex rel. Costner v.*

*URS Consultants, Inc.*, 317 F.3d 883, 889 (8th Cir. 2003) ("Because the plaintiffs did not provide any information regarding the identity of those who allegedly tampered with the monitors or when such tampering occurred, the complaint is not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.") (internal citation and quotation marks omitted).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#8] is granted, and plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#14] is denied as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                            CATHERINE D. PERRY
                                                            UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2010.